GRAVES, Justice,
dissenting:
¶ 48. Because I believe this case should be remanded so the chancellor may make an on-the-record finding that he considered other alternatives to terminating Gloria’s parental rights, I respectfully dissent.
¶ 49. First, the majority holds Gloria is procedurally barred from raising the applicability of Miss.Code Ann. Section 93-15-103(4) on appeal, inasmuch as she did not make this argument below. While our normal procedural posture is to bar issues/arguments not raised at the trial court level, we are not bound to apply this rule when it involves the violation of a fundamental right, which we review for plain error. See Gray v. State, 549 So.2d 1316, 1321 (Miss.1989) (“It has been established that where fundamental rights are violated, procedural rules give way to prevent a miscarriage of justice.”). I can think of few rights that are more fundamental under our constitutional scheme than those encompassed in the natural parent-child relationship; therefore, I would decline to apply a procedural bar in this instance. Furthermore, the Holmeses have not argued that this Court should be precluded from addressing this issue; they merely address the merits of Gloria’s argument.
¶ 50. Second, I feel that the majority opinion is both short-sighted and wrong in its reading and application of Section 93-15-103(4), especially when read in light of other applicable statutes. The majority suggests the chancellor was faced with only two alternatives, (1) to grant the Holmeses’ petition for adoption and therefore terminate Gloria’s parental rights or (2) to deny the Holmeses’ petition and restore custody of K.T.M. to Gloria. In my view, Miss.Code Section 93-15-103(4) allows the chancellor to fashion a remedy that will either: (1) grant legal custody to persons other than the natural parents, (2) establish a guardianship in persons other than the natural parents, (3) consider other “permanent” alternatives that end DHS supervision, or (4) terminate parental rights when other options are not in the child’s best interests.
¶ 51. Additionally, both Miss.Code Ann. Section 93-15-109 and Section 93-17-7, which are applicable to the instant case, characterize adoption and termination of parental rights as being discretionary rather than mandatory. Section 93-15-109 states that “the court may terminate all the parental rights of the parent or parents” after a ground for termination has been proven by clear and convincing evidence, while section 93-17-7 states that “an adoption may be allowed” over a parent’s objection if certain facts are established. (Emphasis added). Therefore, even if the chancellor finds that petitioners such as the Holmeses have proven the existence of a ground for terminating Gloria’s parental rights, he still has the discretion to deny their petition to terminate parental rights if it is in the child’s best interests to preserve the natural parent-child relationship by establishing legal custody or guardianship in a responsible third party or fashioning some other equitable alternative. Under this reading of the statutes, the chancellor could find that the Holmeses should retain legal custody of K.T.M. but that it was also in her best interests to have some limited contact with Gloria even if it were in the form of supervised visitation.
¶ 52. To be clear, I am not suggesting that this is the decision the chancellor should have ultimately made, as the chancellor might find on remand that no alternative short of terminating Gloria’s paren *583 tal rights would be feasible in this case. I am merely stating that the chancellor had more alternatives to consider in rendering his decision than the two options articulated by the majority. As such, I think it is reversible error for the chancellor to fail to make a specific finding that he has at least considered other reasonable alternatives before terminating all legal rights of a natural parent. This is especially true in light of the fact that the majority invalidated the chancellor’s finding of abandonment and was highly critical of his finding concerning Gloria’s failure to support, which it upheld by way of a procedural bar. When such a fundamental right as the natural parent-child relationship is at stake, surely it is not too burdensome to require the chancellors of our' state to make a specific finding that they have considered other reasonable alternatives before severing that relationship.
WALLER, P.J., JOINS THIS OPINION. EASLEY, J., JOINS THIS OPINION IN PART.